## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
## www.flsb.uscourts.gov

In Re:                                                    CASE NO: 24-14613-MAM

**JOSEPH FISCHER,**                                       CHAPTER 13

      Debtor.

_____/

### EMERGENCY MOTION BY CREDITOR, ARTHUR L. BERNSTEIN, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d) AND LOCAL RULE 9015-1 (EXPEDITED HEARING REQUESTED)

### STATEMENT OF EXIGENCY

This motion is being filed as an emergency motion because the Debtor, through counsel, has notified the Creditor, Arthur L. Bernstein ("Creditor"), that the Debtor is attempting to access contents in a garnished safe deposit box that is women's jewelry not owned by him nor scheduled by him as property of the estate, but is instead owned by a deceased non-debtor, and, the Debtor is asserting that because an order was entered by the state court based upon a pre-petition adjudication of rights to such jewelry which resulted in an order being entered post petition, before the Creditor was aware of the bankruptcy filing, that the Debtor will bring proceedings to enforce the automatic stay so that he can access such items. It would be appropriate for the Court to adjudicate such matter on an expedited basis so that any claims to such personal property can be best preserved and protected. The Creditor seeks a hearing within the next seven (7) days.

### BASIS FOR RELIEF

Arthur L. Bernstein ("Creditor" and/or "Bernstein"), by and through counsel, respectfully requests that this Court grant to him expedited relief from the automatic stay, deemed annulled,

retroactive and effective as of May 10, 2024, to allow him to continue to enforce his pre-petition perfected judgment lien against certain personal property subject to pre-petition garnishment, to liquidate attorney fee entitlement and amount pursuant to statutory and contractual rights to same within an eviction action and based upon Florida's post judgment statutes, including, but not limited to, Florida Statute §57.115 and to pursue such judgment against non-debtor deceased judgment debtor, Marilyn Fischer, pursuant to 11 U.S.C. §362(d) and Fed.R.Bankr.P. 4001, and states, as follows:

## I.    <u>INTRODUCTION.</u>

Prior to the filing of the petition commencing this case, the Debtor, Joseph Fischer ("Debtor") was a co-defendant in a state court tenant eviction lawsuit in which the Creditor was awarded a Final Judgment in the amount of $28,682.25, plus post-judgment interest at the rate of 9.09% from the date of the judgment.  A true and correct copy of the recorded certified Final Judgment, recorded on January 30, 2024, in Palm Beach County, Florida OR BK 34800 PG 1152, CFN 20240032105, is attached as Exhibit "A" to the attached sworn declaration of the Creditor. The true and correct copy of the registration of such Final Judgment with the State of Florida Judgment Lien registry registered on January 19, 2024 is attached as Exhibit "B" to the attached sworn declaration of the Creditor.

Consistent with its being a judgment creditor with perfected liens upon real and personal property, the Creditor brought a garnishment action against JPMorgan Chase Bank, N.A. ("Chase") that was served upon the bank on February 9, 2024[1]. Through such garnishment proceedings a safe deposit box was held by Chase which contains jewelry of Marilyn Fischer.

---

[1] Under any possible scenario, the latest point in time that any lien of the Creditor would be deemed perfected is February 9, 2024, a date that is in excess of ninety (90) days prepetition.

Additionally, upon review of the Debtor's Schedules, it appears that Marilyn Fischer has passed away and the Debtor claims to hold a wrongful death cause of action[2] yet no information is disclosed about any probate proceedings. No provision is provided by the Debtor within his Chapter 13 plan to pay the Creditor as a secured creditor.

The Creditor seeks relief from the automatic stay, deemed retroactive and effective through annulment of the automatic stay, to the extent deemed necessary, as of May 10, 2024, to continue to enforce his pre-petition perfected judgment lien against certain personal property subject to pre-petition garnishment, to liquidate attorney fee entitlement and amount pursuant to statutory and contractual rights to same within an eviction action and based upon Florida's post judgment statutes, including, but not limited to, Florida Statute §57.115 and to pursue such judgment against non-debtor deceased judgment debtor, Marilyn Fischer.

## II.    PROCEDURAL  AND FACTUAL BACKGROUND.

### A.    The Debtor's Prepetition Conduct and the Creditor's State Court Action

1.    The Debtor filed his Chapter 7 Petition on May 10, 2024.  Prior to filing his Bankruptcy, the Debtor had knowledge of the Creditor's actions, with adherence to the strict procedures of state court for garnishments and writs, to further investigate Mr. Fisher's financial affairs, and exercise his rights to any goods, monies, chattels or effects belonging to the Debtor that would be of a value sufficient to satisfy the outstanding judgment. The Debtor was actively and affirmatively challenging all such efforts of the Creditor. Florida law provides various mechanisms for recovering attorney fees based upon efforts by a judgment debtor to avoid paying a final judgment, such as Florida Statute §57.115[3].

---

[2]  Debtor's Schedule A/B-33 lists a possible wrongful death claim or lawsuit against an unnamed party on behalf of his spouse, Marilyn Fischer.
[3] This statute provides:

2.      The Creditor was awarded a Final Judgment in his state court action on January 16, 2024, and a certified copy of the Final Judgment was recorded on January 30, 2024, in Palm Beach County, Florida OR BK 34800 PG 1152, CFN 20240032105, a true and copy is attached as Exhibit "A" to the attached sworn declaration.   The Judgment Lien was registered with the State of Florida on January 19, 2024 and the true and correct copy is attached to the sworn declaration as Exhibit "B".

3.      The Creditor served by process server his Writ of Garnishment and Notice to Defendant of Right Against Garnishment, Wages, Money, and Other Property and Claim of Exemption and Request for Hearing on JPMorgan Chase Bank ("Chase") on February 9, 2024.  A true and correct copy of the Verified Return of Service is attached to the sworn declaration as Exhibit "C".   On March 1, 2024, Chase filed its Answer of Garnishee and Demand to Judgment Creditor for Payment of Attorneys' Fees, a true and correct copy is attached to the sworn declaration as Exhibit "D".

4.      Bernstein filed a Motion for Order Allowing Entry into Safe Deposit Box and the Court issued its Amended Order Continuing Hearing on Defendant's Claim of Exemption and Granting Plaintiff's Motion to Open and Inventory Safe Deposit Box was issued on April 5, 2024. A true and correct copy of the Order is attached to the sworn declaration as Exhibit "E".

---

(1)    The court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment.

(2)    In determining the amount of costs, including attorney's fees, if any, to be awarded under this section, the court shall consider:

(a)    Whether the judgment debtor had attempted to avoid or evade the payment of the judgment; and

(b)    Other factors as may be appropriate in determining the value of the services provided or the necessity for incurring costs in connection with the execution.

5.      On April 26, 2024, the inventory of the Safe Deposit Box lists the following pieces of jewelry:

      a.  Mikimoto Pearl Necklace Ginza Tokyo 18kt Gold;

      b.  David Yurman 18Kt Gold and Pearl Necklace;

      c.  19kt Gold Cartier Panthere with diamond bezel
         Serial No. 8057915 06239; and

      d.  Mikimoto Gold, Pearl, Diamond Earring set.

A true and correct copy of the Plaintiff's Inventory of Garnished Safe Deposit Box Contents, as filed in the state court action, is attached to the sworn declaration as Exhibit "F".

6.      In the Debtor's Chapter 13 Voluntary Petition, he discloses on Schedule A/B, under Jewelry, that he only owns a wedding band and watch valued at $1,500.00; and claims those items as exempt on his Schedule C.   Debtor does not disclose the items on the Safe Deposit Inventory, nor did he list any of the Safe Deposit jewelry as exempt.

7.      Bernstein filed a Notice of Production from Non-Party ("Subpoena"), directed to Catalina Lakes Homeowners Association, Inc. on March 20, 2024 seeking records regarding financial transactions between the Association and Mr. Fischer, as well lease agreements, applications and real estate records for property located at 3690 RCA Blvd, Apt. 428, Palm Beach Gardens, Florida 33410.

8.      On March 27, 2024, the date the Debtor filed his Objection to the Subpoena, he stated a request for removal of Marilyn Fischer from the lawsuit because of her disability, and therefore her income was being directed to the rehabilitation facility.

9.      Debtor Joseph Fischer appeared at the state court hearing on May 10, 2024, on Debtor's Claim of Exemption to Garnishment and Objection to the Non-Party Production Subpoena served upon Catalina Lakes Homeowners Association, Inc.

10.     The state court issued its order on May 14, 2024[4] denying the Claim of Exemption; and further ordering JP Morgan Chase Bank to disburse the funds of $214.93 being held in the Savings Account to Creditor Bernstein's attorney of record, and further to continue to secure the contents of the Safe Deposit Box and restrict access to the Safe Deposit Box, pending further order from the state court; and the court also ordered that the Association produce the documents responsive to the subpoena.  As to the Motion for Motor Vehicle Lien that the Plaintiff had filed on April 3, 2024, the Court reserved its right to ruling. A true and correct copy of the May 14, 2024 Order is to the attached sworn declaration as Exhibit "G".

11.     After the 10 AM state court hearing, on the same date, May 10, 2024, Joseph Fischer filed his Chapter 13 voluntary petition at 12:46 PM.  The Debtor did not provide electronic notice of his filing of the Chapter 13 bankruptcy to the Creditor or the Creditor's attorney.

12.     During the period time from the date of Debtor's filing through to Creditor receiving notice of the bankruptcy, without knowledge of the bankruptcy filing, the Creditor had filed a Motion for Writ and Order to exercise levy upon the contents of the inventoried Safe Deposit Box, all of which is property of a non-debtor. This motion remains stayed pending the Court's ruling on this instant Motion.

13.     Upon receipt of the notice of the bankruptcy filing, the Creditor has taken no further action in the exercise of his rights in compliance with the automatic stay. Attached to this Motion is the sworn declaration of Jason Cohen, Esq., the attorney that handled the proceedings on behalf of the Creditor in the state court.

---

[4] The State Court heard the matter in live court, with all parties appearing, on May 10, 2024 at 10:00 AM and issued its contemporaneous oral ruling that is memorialized in the Order issued on May 14, 2024.

**B.     The Debtor's Schedules**

14.     The Debtor has listed Bernstein as an unsecured creditor on his Schedule E/F, with a claim amount of $28,682.25.

15.     On his Schedules, the Debtor claims that he does not rent his residence; however Schedule A/B does not show that he owns any real estate.  Further, Schedule J discloses ongoing monthly expense under "rental or home ownership expense" at $3,820.00.

16.     The Debtor's Statement of Current Monthly Income shows $3,884.00. The Debtor's Schedule I reflects a monthly income of $6,070.00, which includes $2,186.00 in Veteran's benefits and $384.00 in pension/retirement benefits.

17.     From Schedule E/F, he discloses a $12,000 debt in taxes to the government. The Creditor is listed as the largest unsecured creditor on the Schedule F.

18.     On Schedule A/B, under Jewelry, the Debtor discloses that he owns a wedding band and watch valued at $1,500.00; and claims those items as exempt on his Schedule C. The Debtor's Schedules do not list any of the items within the garnished safe deposit box as property of the Debtor.

19.     The Debtor's Section 341 Meeting of Creditors is scheduled for June 18, 2024.

20.     The Debtor's Chapter 13 Plan provides for a pro rata dividend of $310.43 for the last month of a thirty six month plan to be paid to Unsecured Nonpriority Creditors. In other words, other than paying his attorney and the IRS, the Debtor will pay unsecured creditors a total amount of $310.54. No provision is provided for paying secured creditors, within the plan or outside of the plan. Importantly, no provision is contained within the plan for whether and/or how creditors would receive any distribution from the Debtor's wrongful death cause of action listed on Schedule B-33.

7

21.    The Confirmation on the Chapter 13 Plan is scheduled for August 1, 2024.

22.    It is of note that the Debtor has still not filed any suggestion of this bankruptcy matter in the state court.

## III.    ARGUMENT

### Cause Exists for Lifting the Automatic Stay Pursuant to Section 362(d)

Bankruptcy Code section 362(a) operates as a stay, applicable to all entities of, among other things, (i) commencement of proceedings to recover prepetition claims against the Debtor, (ii) acts to obtain possession or exercise control over property of the estate, (iii) acts to enforce a lien against property of the estate, and (iv) acts to recover or collect a claim against the Debtor that arose before the commencement of the case. *See*, *generally*, 11 U.S.C. § 362(a)(1)-(6).

Notwithstanding the foregoing, Bankruptcy Code section 362(d) *mandates* relief from the automatic stay under section 362(a) under the following circumstances:

> On request of a party in interest and after notice and a hearing, the court **shall** grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay –
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest . . .

11 U.S.C. § 362(d) (emphasis added).

As set forth above, relief from stay is mandatory when the proper showing is made. *See* 11 U.S.C. § 362(g). In this case, relief from stay is mandatory and the automatic stay should be lifted to enable the Creditor, who is not provided for as a secured creditor within the proposed plan, to pursue its collateral outside of the jurisdiction of the Bankruptcy Court, including to pursue its perfected judgment lien against the non-debtor's assets, including within any probate proceedings and to allow the state court which is familiar with the Debtor's actions to defy payment

of the Creditor's final judgment to liquidate attorney fee entitlement and amount pursuant to statutory and contractual rights to same within an eviction action and based upon Florida's post judgment statutes, including, but not limited to, Florida Statute §57.115..

With respect to Section 362(d)(1), "the term 'cause[5]' is not defined in the Bankruptcy Code, and whether cause exists to lift the stay must be decided on a case-by case basis." *In re Murray Industries, Inc.*, 121 B.R. 635, 636 (Bankr.M.D.Fla. 1990), citing, *In re McDonald*, 755 F.2d 715, 717 (9th Cir. 1985).   "The courts have interpreted the language of Section 362(d)(1) to include a wide range of circumstances constituting 'cause' for stay relief." *In re Bryan Road, LLC*, 382 B.R. 844, 854 (Bankr.S.D.Fla. 2008).

More specifically, courts have found that "allowing a matter to proceed to another forum may constitute 'cause' to lift the stay". *Murray,* at 636 (Bankr.M.D.Fla. 1990) (citations omitted). *See also In re Bruce,* 2000 WL 968777, 2-3 (Bankr.E.D.Pa. 2000)("A desire to permit an action to proceed to completion in another tribunal may provide another cause."  Courts have granted relief from the automatic stay to creditors under the 'cause' prong of 362(d) to allow matters which were on the verge of trial when bankruptcy was filed to proceed when no great prejudice to the bankruptcy estate would result.); *In re Holtkamp,* 669 F.2d 505, 507-509 (7th Cir.1982)(affirming trial court's decision to grant relief from the automatic stay to allow pending civil action, in which trial was scheduled to occur five days before bankruptcy case was filed, to proceed to judgment); *In re Philadelphia Athletic Club, Inc.,* 9 B.R. 280 (Bankr.E.D.Pa. 1981)(permitting state court action which was "almost at an end" to proceed in order to liquidate unsecured creditor's claim);

---

[5]"When relief from the automatic stay is sought, the party seeking the relief has the initial burden to demonstrate cause for relief." *See In re Bruce,* 2000 WL 968777, 3 (Bankr.E.D.Pa. 2000) *citations omitted*.  "Once the movant meets its burden, the burden then shifts to the debtor opposing the relief to establish the absence of 'cause.'" *See id.*

*In re Kaufman,* 98 B.R. 214 (Bankr.E.D.Pa.)(concluding that case fit "within the category of decisions which enable a case pending pre-petition in state court to continue to judgment where no great prejudice to the bankruptcy estate would result", and finding that "'…it is within the sound discretion of Bankruptcy courts to grant relief from the automatic stay when the bankruptcy petition was filed on the eve of the resolution of pending pre-petition litigation.'"); *In re Martin*, 542 B.R. 199, 203 (B.A.P. 6th Cir. 2015) (bankruptcy court's decision to lift the automatic stay to allow state court fraud case to proceed was affirmed where the litigation was further along in the state court than in the bankruptcy court, the underlying cause of action involved state law fraud issues, and a determination of dischargeability required factual findings regarding the same elements as the state law fraud issues); *Kadleck v. Schwank,* 486 B.R. 336, 341-42 (M.D.N.C. 2013).  Likewise, the legislative history even acknowledges that:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere. *Id.*, citing, Senate Rep. No. 989, 95th Cong., 2d Sess., 50 *Reprinted in* (1978) U.S. Code Cong. & Ad.News 5787, 5836.

Additionally, courts have held that the "cost of defending an action in and of itself does not constitute grounds for denying a movant relief from the automatic stay or the post discharge injunction to proceed with state court litigation." *Bruce* at 3 (Bankr.E.D.Pa. 2000) (bankruptcy court granted stay relief to allow state court action on the verge of arbitration to proceed to final judgment where no great prejudice to the estate would result) *citations omitted*; *see also In re Fowler,* 259 B.R. 856 (Bankr.E.D.Tx. 2001).  Thus, there is no "great prejudice" to the bankruptcy estate in lifting the stay so that the Creditor may proceed in his efforts to finalize the garnishment proceeding as to the jewelry within the safe deposit box, to pursue property upon which it is a

secured creditor, to liquidate certain attorney fee entitlements and amounts based upon Florida statutory and contractual law, as well as to pursue its judgment against the assets of a non-debtor.

With specific reference to the pending matters for execution relative to the Final Judgment in state court; the state court is a tribunal with the necessary expertise to adjudicate claims for civil issues such as the effectiveness of perfected judgment liens in Florida and the right to attorney fees in an effort to collect upon such judgment, which all involve only state law, and that Court is fully familiar with the facts of the case. Secondly, some of the assets disclosed in the state court are not listed as part of the Debtor's bankruptcy matter; and the parties have spent substantial time and resources conducting discovery and developing the case to an advanced post judgment stage. It would be patently unfair to require the Creditor to start over again from scratch when the Debtor filed this bankruptcy case on the same date as a hearing in state court indicated it would issue its order awarding Creditor, Arthur L. Bernstein, some of the assets that had been garnished, but not disclosed on the Debtor's Schedules.

The interests of judicial economy weigh in favor of allowing the Creditor to proceed with its state court litigation since he is a secured creditor that is not provided for within any plan and is a judgment creditor against a non-debtor where it appears that the Debtor has not opened a probate estate. Indeed, as a matter of judicial economy, fairness to the Creditor, and to prevent further interference in the bankruptcy case the Creditor should be permitted to continue to pursue the garnished assets and all possible probate proceedings.

On the other hand, there will be no great prejudice to the Debtor because, as set forth above, significant resources have already been expended in the state court case in perfecting the final judgment and pursuing rights against collateral where the Debtor has raised defenses which have been adjudicated pre-petition by the state court. Further, there would be no reason to preclude the

Creditor from pursuing collateral where such collateral is not owned by the Debtor and where there is a separate ability to pursue a judgment debtor that is not in bankruptcy.

In regard to the entry of the May 14, 2024 order, such order was based upon a pre-petition ruling by the state court that the Debtor actively defended and lost. Such order applied to a nominal amount of money upon which the Creditor was already a secured creditor, along with other personal property upon which the Creditor was already a secured creditor, including property of a non-debtor. There is no prejudice to the Court annulling the automatic stay, to the extent deemed necessary, as to May 10, 2024 so as to give full force and effect to such order and to otherwise grant stay relief retroactive to such date. Whether it is referred to as nunc pro tunc stay relief, retroactive stay relief or annulling the automatic stay, the authority to grant such relief remains valid within the Eleventh Circuit. *In re Khan*, 2021 WL 4865278 (S.D.Fla. 2021)(District court affirming Judge Grossman order granting nunc pro tunc stay relief retroactive to a specific date). The Court in *Khan* held:

> [T]he text of the Bankruptcy Code itself gives Bankruptcy Judges the power not only to "terminate" but also to "annul" the automatic stay, 11 U.S.C. § 362(d), and courts repeatedly have interpreted this provision as giving Bankruptcy Judges the power to grant stay relief retroactively, *see In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984) (holding "that § 362(d) permits bankruptcy courts ... to grant retroactive relief from the automatic stay"); *see also In re Williford*, 294 F. App'x 518, 521 (11th Cir. 2008) ("An annulment operates retroactively to validate actions taken after the petition for bankruptcy was filed."). Accordingly, the Bankruptcy Court's Order Granting Stay Relief Nunc Pro Tunc to November 7, 2018 is affirmed. Id. at *5.

In the present case, where the Debtor provides no mechanism for paying the Creditor's secured claim or otherwise provide for any treatment of the Creditor's perfected judgment lien, where the Debtor actively and affirmatively has litigated with the Creditor resulting in an adjudication by the Court that occurred pre-petiiton, but for which an order was not entered until after the bankruptcy filing date, and, where the Debtor did not provide notice to the Creditor until

after the entry of the state court order and filing of a related motion, it would be appropriate for the Court to grant stay relief effective as of May 10, 2024 to allow the Creditor to pursue its collateral and any claims and interests against the non-Debtor, Marilyn Fischer. *See also, In re Merriman,* 616 B.R. 381 (BAP 9th Cir.2020)(Retroactive stay relief was still appropriate after Supreme Court case of *Roman Catholic Archdiocese of San Juan Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696 (2020) in a case where creditor was unaware of the bankruptcy filing, among other factors).

WHEREFORE, the Creditor, Arthur L. Bernstein., by and through undersigned counsel, hereby respectfully requests that this Court (1) schedule a hearing on this matter on an expedited basis so as to grant this Motion and lift the automatic stay, effective as of May 10, 2024 with the automatic stay deemed annulled as of such date and stay relief deemed retroactive to such date, and authorize the Creditor to continue to enforce his pre-petition perfected judgment lien against certain personal property subject to pre-petition garnishment, to liquidate attorney fee entitlement and amount pursuant to statutory and contractual rights to same within an eviction action and based upon Florida's post judgment statutes, including, but not limited to, Florida Statute §57.115 and to pursue such judgment against the -debtor deceased judgment debtor, Marilyn Fischer, including, but not limited to, within any probate proceeding that may exist or which may be brought by any party, including the Creditor, and (2) grant any other or further relief that it deems just and proper.

Dated:  June 17, 2024                          Respectfully Submitted,

                                               **GREENSPOON MARDER LLP**

                                               */s/ Michael R. Bakst*
                                               MICHAEL R. BAKST, ESQ.
                                               Florida Bar No.: 866377
                                               Attorneys for the Creditor
                                               CityPlace Tower
                                               525 Okeechobee Blvd., Suite 900
                                               West Palm Beach, FL 33401
                                               T:  (561) 838-4557
                                               Email:  michael.bakst@gmlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

        I certify that on June 17, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as indicated below.

                                */s/ Michael R. Bakst*

Mailing Information for Case 24-14613-MAM

Electronic Mail Notice List

The following is the list of <u>parties</u> who are currently on the list to receive email notice/service for this case.

- Ryan Loyacano    ecf@southeastbankruptcy.com, llcsr92294@notify.bestcase.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Robin R Weiner    ecf@ch13weiner.com, ecf2@ch13weiner.com

Manual Notice List

The following is the list of <u>parties</u> who are not on the list to receive email notice/service for this case (who therefore require manual noticing/service).

- (No manual recipients

81422.0001
57804037